UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HANDLIN, | : | CIVIL ACTION NO. **1:CV-12-2197** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On November 2, 2012, Petitioner, Charles Handlin ("Petitioner"), an inmate at the

State Correctional Institution at Frackville ("SCI-Frackville") in Frackville, Pennsylvania, filed, *pro*

*se[1]*, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in the United States

District Court for the Middle District of Pennsylvania together with exhibits. (Doc. 1). Petitioner

names as Respondents the Pennsylvania Department of Corrections, the Attorney General of

Pennsylvania and the District Attorney of Luzerne County (collectively, "Respondents").

Petitioner paid the required filing fee. (Doc. 1).

On November 7, 2012, the Court directed Respondents to respond to Petitioner's

Habeas Corpus Petition. (Doc. 3). Petitioner filed two documents titled "Amended Writ of

Habeas Corpus and Corresponding Memorandum of Law" on November 29, 2012 and

December 3, 2012. (Docs. 5, 8). After the Court granted Respondent an extension of time to

---

[1] Petitioner's Petition for Writ of Habeas Corpus is signed by Attorney Paul Galante, however, he is not listed as counsel of record on the docket and did not file any subsequent filings after the Petition. (Doc. 1).

file their response, on January 7, 2013, Respondents filed a Response to Petitioner's Habeas Petition. (Doc. 10). Petitioner did not filed a Traverse and the time to do so has passed.

Petitioner was convicted on July 16, 2007 in the Luzerne County Court of Common Pleas ("LCCP") and his total aggregate sentence was one hundred two (102) months to two hundred four (204) months. (Doc. 1, ¶ 3.).[2] Petitioner challenges issues from his June 2007 jury trial in which he was convicted of Involuntary Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault, Corruption of Minors (two counts) and Indecent Assault, while being represented by counsel in the LCCP. (*Id.*).

Petitioner raises three issues in his petition for habeas corpus relief. (Doc. 1). Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in failing to request a mistrial based on the Commonwealth's witness reference to Petitioners's pre-arrest silence (Doc. 1, p. 3). Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel for failure to object to testimony bolstering credibility of alleged victim. (*Id.,* p. 6). Ground Three of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel for failing to request a mistrial due to *Brady v. Maryland*. (*Id.,* p. 8).

As relief, Petitioner requests the court vacate the judgment of sentence and grant petitioner any other relief to which the petitioner may be entitled. (*Id.*).

---

[2]We take judicial notice of the Pennsylvania state court docket sheet in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of Luzerne County Criminal Docket Number: CP-40-CR-0001144-2006. *See http://ujsportal.pacourts.us.*

**II. State Procedural Background**.

On June 5, 2007, a jury sitting in the LCCP found Petitioner guilty of Involuntary

Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault, Corruption of Minors (two

counts) and Indecent Assault and Petitioner was sentenced to a total aggregate sentence of one

hundred two (102) months to two hundred four (204) months.  (Luzerne County Criminal

Docket No. CP-40-CR-0001144-2006).  On August 8, 2007, Petitioner filed a Notice of Appeal

in the Pennsylvania Superior Court.  (*Id*., p. 9).  On August 1, 2008, the Superior Court affirmed

the judgment of sentence.  (1390 MDA 2007)[3]

On August 20, 2008, Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA")

petition, 42 Pa. C.S.A.  §§ 9541, et seq.  (*Id*., p. 11).  On September 12, 2008, the Superior

Court of Pennsylvania affirmed the LCCP.  (*Id*.).  On January 22, 2009, Petitioner filed an

amended *pro se* PCRA petition.  (*Id*., p. 12).  On April 1, 2009, Petitioner filed an supplemental

amendment to the PCRA petition through counsel.  (*Id*., p. 13).  On April 1, 2009, Petitioner also

filed a second amended *pro se* PCRA petition.  (*Id*.).  On April 2, 2009, the trial court dismissed

the PCRA petition.  (*Id*.).  On April 29, 2009, Petitioner filed a Notice of Appeal in the

Pennsylvania Superior Court.  (*Id*.).  On June 17, 2010, the Superior Court remanded Petitioner's

---

[3] We  take judicial notice of the Superior Court of Pennsylvania docket sheet in this
matter, which are available through Pennsylvania's Unified Judicial Docket System docket
research at http://ujsportal.pacourts.us/, Superior Court of Pennsylvania Docket Number: 1390
MDA 2007.  *See http://ujsportal.pacourts.us*

case to the LCCP to address concerns.  (*Id.*, p. 16).  On July 16, 2010, the LCCP held a *Grazier*[2]

hearing.  (*Id.*).  On June 9, 2011, the Superior Court of Pennsylvania affirmed the dismissal of the

PCRA petition.  (*Id.*).  On November 1, 2011, the Supreme Court of Pennsylvania denied the

Petition for Allowance of Appeal from the Order of the Superior Court.  (*Id.*, p. 18).

**III. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district

court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2254.  A petition

for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very

fact or duration' of his confinement and seeking 'immediate release or a speedier release from

that imprisonment.'"  *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented

to a state court and adjudicated on the merits, the district court must generally defer to the

decisions of the state courts.  The AEDPA imposes a highly deferential standard for evaluating

state-court rulings and demands that state-court decisions be given the benefit of the doubt.

*Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that

was adjudicated on the merits in a state court proceedings unless the adjudication of the claim

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is

5

unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot

reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v.*

*Smith*, 539 U.S. 510, 520-21 (2003).

## IV. Discussion.

### 1. *Timeliness*

Respondents have not addressed the issue of the timeliness of Petitioner's Petition for

Writ of Habeas Corpus in their response.[3]  (Doc.  12).  However, we will briefly address the

issue.  The AEDPA statutory language governing time limitations for filing a §2254 habeas

petition is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State
> > action in violation of the Constitution or laws of the United States is removed,
> > if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized
> > by the Supreme Court if the right has been newly recognized by the Supreme
> > Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.

---

[3]The habeas statute requires a prisoner to exhaust his claims in state court before
seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *See also Landano v. Rafferty*, 897
F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion
to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it
may do so *sua sponte*.  *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert.*
*denied*, 538 U.S. 1002 (2003).

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:

Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is November 2, 2012, since Petitioner 's  state court conviction became final on November 1, 2011 when the Pennsylvania Supreme Court denied allocatur. *See* Pa.R.App.P. 113(a).

Thus, Petitioner had until November 2, 2012, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his §2254 habeas petition in a timely manner. *See Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner filed his habeas petition on November 2, 2012. (Doc. 1). Accordingly, we find that Petitioner's one-year AEDPA statute of limitations did not expire and the habeas petition is timely filed.

### 2. *State Court Exhaustion*

Respondent has not raised the issue of exhaustion.  (Doc. 10).  However, we will briefly discuss whether Petitioner has exhausted his claims.  Petitioner raises three issues in his Petition for Habeas Corpus relief.  (Doc. 1).  Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel for the failure to request a mistrial based on Commonwealth's witness referencing Petitioners's pre-arrest silence.  (Doc. 1, p. 3).  Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel for the failure to object to testimony bolstering credibility of alleged victim.  (*Id.,* p. 6).  Ground Three of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel for failing to request a mistrial due to *Brady v. Maryland*[4].  (*Id.,* p. 8).

In the Pennsylvania Superior Court opinion of June 9, 2011, the Court described the procedural history of Petitioner's case as 'convoluted" after the filing of the August 20, 2008 *pro se* PCRA petition by Petitioner.  (798 MDA 2009) (Doc. 1, Ex. C., p. 2).  The Superior Court reviewed the following issues[5]:

> A.  WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR NOT REQUESTING A MISTRIAL BASED UPON THE COMMONWEALTH'S TESTIMONY REGARDING DEFENDANT'S PRE-ARREST SILENCE?
>
> B.  WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR NOT OBJECTING TO COMMONWEALTH'S

---

[4] 373 U.S. 83 (1963).

[5] The record does not contain all of Petitioner's appellate court filings and decisions, thus, the court will review the issues addressed in the Superior Court Opinion of June 9, 2011 in order to address exhaustion.

TESTIMONY WHICH BOLSTERED THE CREDIBILITY OF THE ALLEGED VICTIM?

C.     WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO CALL WITNESSES ON BEHALF OF DEFENDANT [PETITIONER] AT TRIAL?

D.     WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTION'S ARGUMENTS TO THE JURY REGARDING REASONABLE DOUBT?

E.     WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO REQUEST A MISTRIAL BASED UPON COMMONWEALTH VIOLATION OF <u>BRADY V. MARYLAND</u>?

F.     WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO REQUEST THAT THE JURY RECEIVE AN INSTRUCTION REGARDING VICTIM'S FAILURE TO MAKE PROMPT COMPLAINT?

g.     WHETHER THE DEFENDANT'S CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE/WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT A CONVICTION OF DEFENDANT?

(*Id.*, pp. 8-9).

Based on the June 9, 2011 decision of the Superior Court of Pennsylvania, it appears that all of Petitioner's habeas claims were exhausted in the state court..  Thus, we will determine if there is merit to Petitioner's claims.

### 3.  *Merits Analysis*

Petitioner's petition asserts three ineffective assistance of counsel claims.  A claim of ineffective assistance is governed by the two-prong test set forth by the Supreme Court in *Strickland*:  "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's

representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland  v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052).  The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*.  In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id*. at 686.  The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*.  It is well established that counsel cannot be ineffective for failing to raise a meritless claim.  *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687.  Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* 131 U.S., 770, ---- - ----, 131 S.Ct., 770, 777-78, 178

10

L.Ed.2d, 624, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Werts v. Vaughn*, 228 F.3d 178, 204 (3d cir. 2000).

The Superior Court of Pennsylvania, in its June 9, 2011 decision affirmed the trial court's dismissal of Petitioner's PCRA petition, stating that Petitioner's allegations of ineffectiveness of trial counsel were analyzed as follows:

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. Moreover, since most of appellant's [Petitioner's] issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant [Petitioner] is required to make the following showing in order to succeed with such a claim: that the underlying claim is of arguable merit;(2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is

11

a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008). Finally, counsel is presumed to be effective, and the appellant [Petitioner] has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa. Super. 2003)...

(Doc. 1, Ex. 2, pp. 6-7).

The Superior Court went on to opine that Petitioner's claims do not entitle him to relief. Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in failing to request a mistrial based on the Commonwealth's witness reference to Petitioners's pre-arrest silence. (Doc. 1, p. 3).

Petitioner argued that a police detective who interviewed Petitioner was asked on re-direct examination why he believed the victim, specifically:

Q.      Knowing that information from Charles Handlin that Nicole had previously written a note to her friend saying that she was abused, why did you believe her story when she came to you?

A.      Because her details were amazing. She had no incentive to make the story up at that point because she was removed from the house. Everything was credible. <u>And quite frankly, if some –if someone is accused of sexual abuse, being the Defendant, I think you would at least hear a no, and I didn't hear a no from Mr. Handlin.</u>

(Doc. 1, Ex. 2, p. 8) (internal citations omitted).

The Superior Court noted that the comment was immediately objected to by counsel who requested and received an immediate instruction from the court to the jury to disregard the

12

remark.  (*Id.*). The Superior Court further noted that if there is a comment about the Petitioner's

silence at trial it can be cured with cautionary instructions:

> If the Commonwealth mentions a defendant's post-arrest silence, the court
> may still be able to cure any prejudice through prompt and adequate curative
> instructions.  To evaluate whether cautionary instructions can cure a reference
> to a defendant's post-arrest silence, "courts must consider 1) the nature of the
> reference to the defendant's silence; 2) how it was elicited; 3) whether the
> district attorney exploited it; and 4) the promptness and adequacy of the
> cautionary instructions." If the reference to the defendant's post-arrest silence
> was such that it incurably compromised the jury's objectivity and would
> deprive the defendant of a fair trial, then the court should grant a mistrial.
> ***Commonwealth v. Moury***, 992 A.2d 162, 176 (Pa. Super. 2010) (footnote
> and case citations omitted).

(*Id.*, pp. 8-9).

The Superior Court opined that three of the above factors weighed in favor of finding

that the cautionary instruction given to the jury cured any prejudice:

> First, the elicitation of the remark was entirely innocent on the part of the
> Commonwealth.  The Assistant district attorney was inquiring about the
> victim, not appellant [Petitioner], and could not possibly foresee that the
> witness would comment on appellant [Petitioner] in this regard.  Second, the
> Commonwealth made no attempt to exploit or profit from the comment.
> Third, the cautionary instruction was given immediately following the remark,
> and exhorted the jury as follows:
>
> > THE COURT: A portion of Detective Zipovsky's answer stated that the
> > Defendant did not make a denial.  I'm specifically instructing you to
> > disregard that testimony and that you should not use that testimony
> > whatsoever in making your decision in this case.

(*Id.*, p. 9) (Citations omitted).

Thus, the Superior Court opined trial counsel appropriately decided that the prejudice was adequately cured by the instruction and there was no merit to Petitioner's claim of prejudice resulting from counsel's failure to request a mistrial. (*Id.*, p. 10).

We agree with the Superior Court that Petitioner's claim lacks merit in light of the evidence of record. Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to Supreme Court precedent or unreasonable application of Federal law. Therefore, we will recommend that Petitioner's Ground One claim of his habeas petition be denied.

Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel in the failure to object to testimony bolstering the credibility of alleged victim. (Doc. 1, p. 6). Petitioner argued that the same trial testimony discussed in his Ground One claim bolstered the victim's testimony:

> Q.   Knowing that information from Charles Handlin that Nicole had previously written a note to her friend saying that she was abused, why did you believe her story when she came to you?
>
> A.   <u>Because her details were amazing. She had no incentive to make the story up at that point because she was removed from the house. Everything was credible.</u>

(Doc. 1, Ex. 2, p. 10) (internal citations omitted).

The Superior Court determined that although the prosecution may not attempt to bolster the credibility of the Commonwealth witness through personal opinion, there was no ineffective assistance of counsel on the part of trial counsel in failing to object because trial counsel testified at the PCRA hearing that he had a trial strategy in not objecting. (Id., pp. 10-11).

14

Petitioner's counsel testified that his strategy was to point out all of the discrepancies in the victim's testimony and to have the detective say that he still believed the victim. (*Id.*, p. 11) The Superior Court stated that by doing this, it "demonstrated to the jury that the detective's assurances of credibility may have been ill-founded, and that all of his testimony may have also been similarly unreliable." (*Id.*) Therefore, trial counsel was following a valid trial strategy and was not ineffective. (*Id.*).

We agree. Trial counsel cannot be ineffective for pursuing a well reasoned trial strategy. Therefore, we will recommend that Petitioner's Ground Two claim of his habeas petition be denied.

Ground Three of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel for failing to request a mistrial due to *Brady v. Maryland*[6]. (Doc. 1, p. 8). Petitioner's claim is centered on the preliminary police report that he was provided which did not reveal that the victim had made a past false accusation against appellant. (Doc. 1, Ex. 2, p.15). The Superior Court cited *Commonwealth v. Paddy*, 15 A.3d 431 (2011), to explain the following three elements of a *Brady* violation: "[1] the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; [2] the evidence was suppressed by the prosecution, either willfully or inadvertently; [3] prejudice ensued." (*Id.*). The Superior Court determined that no prejudice ensued because trial counsel was aware of the prior false accusation at trial and questioned the victim and the detective about it extensively, thus, counsel was not ineffective for failing to ask for a mistrial. We agree. Trial counsel cannot be ineffective for failing

---

[6] 373 U.S. 83 (1963).

to ask for a mistrial under *Brady v. Maryland*.  Therefore, we will recommend that Petitioner's

Ground Three claim of his habeas petition be denied.

**V.  Recommendation.**

Based on the foregoing, we respectfully recommend that Ground One, Two and

Three of Petitioner's habeas petition be denied on the merits.  (**Doc. 1**).


<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: April 12, 2013**

| | | |
|---|---|---|
| CHARLES HANDLIN, | : | CIVIL ACTION NO. **1:CV-12-2197** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 12, 2013.**

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: April 12 , 2013**