UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HANDLIN, | : | CIVIL ACTION NO. **1:CV-12-2197** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On November 2, 2012, Petitioner, Charles Handlin ("Petitioner"), an inmate at the State Correctional Institution at Frackville ("SCI-Frackville") in Frackville, Pennsylvania, filed, *pro se*[1], a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Pennsylvania together with exhibits. (Doc. 1). Petitioner names as Respondents the Pennsylvania Department of Corrections, the Attorney General of Pennsylvania and the District Attorney of Luzerne County (collectively, "Respondents"). Petitioner paid the required filing fee. (Doc. 1).

On November 7, 2012, the Court directed Respondents to respond to Petitioner's Habeas Corpus Petition. (Doc. 3). Petitioner filed two documents titled "Amended Writ of Habeas Corpus and Corresponding Memorandum of Law" on November 29, 2012 and December 3, 2012. (Docs. 5, 8). After the Court granted Respondent an extension of time to

---

[1] Petitioner's Petition for Writ of Habeas Corpus is signed by Attorney Paul Galante, however, he is not listed as counsel of record on the docket and did not file any subsequent filings after the Petition. (Doc. 1).

file their response, on January 7, 2013, Respondents filed a Response to Petitioner's Habeas Petition. (Doc. 10). Petitioner did not filed a Traverse and the time to do so has passed.

Petitioner was convicted on July 16, 2007 in the Luzerne County Court of Common Pleas ("LCCP") and his total aggregate sentence was one hundred two (102) months to two hundred four (204) months. (Doc. 1, ¶ 3.).[2] Petitioner challenges issues from his June 2007 jury trial in which he was convicted of Involuntary Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault, Corruption of Minors (two counts) and Indecent Assault, while being represented by counsel in the LCCP. (*Id.*).

Petitioner raises three issues in his petition for habeas corpus relief. (Doc. 1). Ground One of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel in failing to request a mistrial based on the Commonwealth's witness reference to Petitioners's pre-arrest silence (Doc. 1, p. 3). Ground Two of Petitioner's petition asserts trial counsel rendered ineffective assistance of counsel for failure to object to testimony bolstering credibility of alleged victim. (*Id.,* p. 6). Ground Three of Petitioner's petition asserts that trial counsel rendered ineffective assistance of counsel for failing to request a mistrial due to *Brady v. Maryland*. (*Id.,* p. 8). As relief, Petitioner requests the court vacate the judgment of sentence and grant petitioner any other relief to which the petitioner may be entitled. (*Id.*).

---

[2]We take judicial notice of the Pennsylvania state court docket sheet in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of Luzerne County Criminal Docket Number: CP-40-CR-0001144-2006. *See http://ujsportal.pacourts.us*.

On April 12, 2013, we issued a Report and Recommendation recommending that Ground One, Two and Three of Petitioner's Habeas Petition be denied on the merits. (Doc. 14). On June 4, 2013, Petitioner filed an Objection stating that we failed to consider the issue "that trial counsel failed to investigate, interview and subpoena witnesses for trial." (Doc. 17). This issue was not raised in Petitioner's Document 1 Habeas Petition, however, the issue was raised on November 29, 2012 in his "Amended Writ of Habeas Corpus and Corresponding Memorandum of Law." (Doc. 5, pp. 1-6). The District Court remanded the case for our consideration of the timeliness and merits of the above issue.

**II. State Procedural Background**.

On June 5, 2007, a jury sitting in the LCCP found Petitioner guilty of Involuntary Deviate Sexual Intercourse ("IDSI"), Aggravated Indecent Assault, Corruption of Minors (two counts) and Indecent Assault and Petitioner was sentenced to a total aggregate sentence of one hundred two (102) months to two hundred four (204) months. (Luzerne County Criminal Docket No. CP-40-CR-0001144-2006). On August 8, 2007, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id*., p. 9). On August 1, 2008, the Superior Court affirmed the judgment of sentence. (1390 MDA 2007)[3]

On August 20, 2008, Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A. §§ 9541, et seq. (*Id*., p. 11). On September 12, 2008, the Superior

---

[3] We take judicial notice of the Superior Court of Pennsylvania docket sheet in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Superior Court of Pennsylvania Docket Number: 1390 MDA 2007. *See http://ujsportal.pacourts.us*

Court of Pennsylvania affirmed the LCCP. (*Id*.). On January 22, 2009, Petitioner filed an amended *pro se* PCRA petition. (*Id*., p. 12). On April 1, 2009, Petitioner filed an supplemental amendment to the PCRA petition through counsel. (*Id*., p. 13). On April 1, 2009, Petitioner also filed a second amended *pro se* PCRA petition. (*Id*.). On April 2, 2009, the trial court dismissed the PCRA petition. (*Id*.). On April 29, 2009, Petitioner filed a Notice of Appeal in the Pennsylvania Superior Court. (*Id*.). On June 17, 2010, the Superior Court remanded Petitioner's case to the LCCP to address concerns. (*Id*., p. 16). On July 16, 2010, the LCCP held a *Grazier*[2] hearing. (*Id*.). On June 9, 2011, the Superior Court of Pennsylvania affirmed the dismissal of the PCRA petition. (*Id*.). On November 1, 2011, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal from the Order of the Superior Court. (*Id*., p. 18).

**III. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

4

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the

5

relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

**IV. Discussion.**

    **1.** *Timeliness*

Respondents have not addressed the issue of the timeliness of Petitioner's habeas claims in their response.[3] (Doc. 12). However, we will address the issue in regard to the issue of trial counsel's failure to investigate, interview and subpoena witnesses for trial as raised in his Amended Writ of Habeas Corpus filed on November 29, 2012. The AEDPA statutory language governing time limitations for filing a §2254 habeas petition is as follows:

---

[3]The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *See also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte*. *See Sweger v. Chesney*, 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied*, 538 U.S. 1002 (2003).

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
*Rhodes v. Winstead*, Slip Copy, 2010 WL 936763, at *16 (W.D.Pa., 2010) states:

Under the AEDPA, an individual incarcerated pursuant to the judgment of a state court desiring habeas corpus relief must generally file an application for writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review". [Footnote omitted] 28 U.S.C. 2244 (d)(1)(A).

The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is November 2, 2012, since Petitioner 's state court conviction became final on November 1, 2011 when the Pennsylvania Supreme Court denied allocatur. *See* Pa.R.App.P. 113(a).

Thus, Petitioner had until November 2, 2012, in addition to any time during which the statute of limitations ("SOL") was tolled, to file his §2254 habeas petition in a timely manner. *See Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner filed his habeas petition on November 2, 2012. (Doc. 1). However, Petitioner did not file his Amended Petition until November 29, 2012 after Petitioner's one-year AEDPA statute of limitations expired. Under Federal Rule of Civil Procedure 15(c)(1)(B), a party can raise a claim that would be barred by the statute of limitations if the claim "arose out of the conduct, transaction or occurrence set out–or attempted to be set out–in the original pleading." *Id*. In *Mayle v. Felix*, the Supreme Court decided that in the habeas context "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." 544 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). The Third Circuit stated in *Hodge v. United States* that "[a]fter *Mayle*, it is apparent that new claims can relate back if they arise from the same conduct, transaction, or occurrence described in a timely filed 2255 motion." 554 F.3d 372 (2009).

Petitioner's issue in regard to trial counsel's failure to investigate, interview and subpoena witnesses for trial is an ineffective assistance of counsel claim arising from the same trial which is the subject of Petitioner's ineffective assistance of counsel claims in his original Habeas Petition. Additionally, as noted previously, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) was signed by counsel, however, counsel is not listed on the docket and the

8

subsequent Amended Document was filed by Petitioner, *pro se*, thus, we can assume Petitioner intended to include the issue in the original Habeas Petition and will construe it as being timely.

### 2. *State Court Exhaustion*

Respondent has not raised the issue of exhaustion. (Doc. 10). However, we will briefly discuss whether Petitioner has exhausted his claim. As discussed , Petitioner's claim is that trial counsel was ineffective for failure to investigate, interview and subpoena witnesses for trial[4]. (Doc. 5., p. 1).

In the Pennsylvania Superior Court opinion of June 9, 2011, the Court described the procedural history of Petitioner's case as 'convoluted" after the filing of the August 20, 2008 *pro se* PCRA petition by Petitioner. (798 MDA 2009) (Doc. 1, Ex. C., p. 2). The Superior Court reviewed the following issues[5]:

> A. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR NOT REQUESTING A MISTRIAL BASED UPON THE COMMONWEALTH'S TESTIMONY REGARDING DEFENDANT'S PRE-ARREST SILENCE?
>
> B. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR NOT OBJECTING TO COMMONWEALTH'S TESTIMONY WHICH BOLSTERED THE CREDIBILITY OF THE ALLEGED VICTIM?
>
> C. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO CALL WITNESSES ON BEHALF OF DEFENDANT [PETITIONER] AT TRIAL?

---

[4] 373 U.S. 83 (1963).

[5] The record does not contain all of Petitioner's appellate court filings and decisions, thus, the court will review the issues addressed in the Superior Court Opinion of June 9, 2011 in order to address exhaustion.

> D. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO OBJECT TO THE PROSECUTION'S ARGUMENTS TO THE JURY REGARDING REASONABLE DOUBT?
>
> E. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO REQUEST A MISTRIAL BASED UPON COMMONWEALTH VIOLATION OF <u>BRADY V. MARYLAND</u>?
>
> F. WHETHER THE TRIAL COURT ERRED IN FAILING TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO REQUEST THAT THE JURY RECEIVE AN INSTRUCTION REGARDING VICTIM'S FAILURE TO MAKE PROMPT COMPLAINT?
>
> g. WHETHER THE DEFENDANT'S CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE/WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT A CONVICTION OF DEFENDANT?

(*Id.*, pp. 8-9).

Based on the June 9, 2011 decision of the Superior Court of Pennsylvania, it appears that Petitioner's ineffective assistance of counsel habeas claim was exhausted in the state court as Issue C noted above. Thus, we will determine if there is merit to Petitioner's claim.

### 3. Merits Analysis

Petitioner's claim is an ineffective assistance of counsel claim. A claim of ineffective assistance is governed by the two-prong test set forth by the Supreme Court in *Strickland*: "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective

standard of reasonableness under the prevailing professional norms. *Id*.  In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id*. at 686.  The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*.  It is well established that counsel cannot be ineffective for failing to raise a meritless claim.  *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial.  *Strickland*, 466 U.S. at 687.  Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* 131 U.S., 770, ---- - ----, 131 S.Ct., 770, 777-78, 178 L.Ed.2d, 624, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  Prejudice can be demonstrated by a showing that "there is a

11

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Werts v. Vaughn*, 228 F.3d 178, 204 (3d cir. 2000).

The Superior Court of Pennsylvania, in its June 9, 2011 decision affirmed the trial court's dismissal of Petitioner's PCRA petition, stating that Petitioner's allegations of ineffectiveness of trial counsel were analyzed as follows:

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa. Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. Moreover, since most of appellant's [Petitioner's] issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant [Petitioner] is required to make the following showing in order to succeed with such a claim: that the underlying claim is of arguable merit;(2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of this test will cause the entire claim to fail. **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008). Finally, counsel is presumed to be effective, and the appellant [Petitioner] has the burden of proving otherwise. **Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2003)...

(Doc. 1, Ex. 2, pp. 6-7).

The Superior Court went on to opine that Petitioner's claims do not entitle him to relief. The Superior Court found no merit to Petitioner's claim of ineffectiveness grounded on the failure of counsel to call certain witnesses at trial on Petitioner's behalf. (Doc. 1, Ex. 2, p. 15).

The Superior Court noted:

> when raising a failure to call a potential witness claim, the PCRA petitioner satisfies the performance and prejudice requirements of the *Strickland* test by establishing that:
>
> > (1) the witness existed;(2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.
>
> *Commonwealth v. Johnson*, 600 Pa. 329, 351, 966 A.2d 523, 536 (2009), *quoting* Commonwealth v. Washington, 592 Pa. 698, ___, 927 A.2d 586, 599 (2007).

(*Id.*).

The Superior Court further noted that Petitioner failed to meet his obligation on this issue. (*Id.*). At the PCRA hearing, Petitioner presented only the testimony that siblings of the victim could have been called to testify to the effect that they were not subject to corporal punishment. (*Id.*). The Superior Court further noted that Petitioner insinuated that counsel was aware of the witnesses because during opening statements counsel asserted that the defense would be calling the witnesses, however, the Court noted that according to the notes of testimony, counsel did not make those statements. (*Id.*, p. 16). The Court further opined that if counsel did make that statement and the witnesses were not called, it is more likely that the

13

witnesses were unavailable or unwilling to testify. (*Id.*). Furthermore, the Court cited the argument made at the PCRA hearing and presented on appeal did not indicate that the absence of any of the witnesses was so prejudicial as to indicate that Petitioner was denied a fair trial. (*Id.*)

Thus, the Superior Court opined trial counsel was not ineffective. (*Id.*).

We agree with the Superior Court that Petitioner's claim lacks merit in light of the evidence of record. Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to Supreme Court precedent or unreasonable application of Federal law. Therefore, we will recommend that Petitioner's claim be denied.

**V. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner's amended habeas petition be denied on the merits. **(Doc. 5)**.

                                           **s/ Thomas M. Blewitt**
                                           **THOMAS M. BLEWITT**
                                           **United States Magistrate Judge**

**Dated: August 7, 2013**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HANDLIN, | : | CIVIL ACTION NO. **1:CV-12-2197** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 7, 2013.**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 7, 2013**