IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES HANDLIN,** | : | CIVIL ACTION NO. 1:12-CV-2197 |
| Petitioner, | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| Respondents. | : | |

# ORDER

AND NOW, this 17th day of September, 2013, upon consideration of the reports of United States Magistrate Judge Thomas M. Blewitt (Docs. 14, 19), recommending that the petitioner's amended habeas corpus petition be denied on the merits, (id.), and following an independent review of the petition and the exhibits attached thereto, and noting that plaintiff has objected[1] to the disposition recommended by Judge Blewitt (Docs. 17, 20), and the court finding Judge Blewitt's analysis to be thorough, well-reasoned, and fully supported by the record, and the court finding petitioner's objections

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

to be without merit and squarely addressed by Judge Blewitt's report,[2] it is hereby

ORDERED that:

1. The reports of Magistrate Judge Blewitt (Doc. 14, 19) recommending the denial on the merits of petitioner's amended petition for a writ of habeas corpus are ADOPTED in their entirety.

2. The amended petition for a writ of habeas corpus (Doc. 5) pursuant to 28 U.S.C. § 2255 is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania

---

[2] Only one of the petitioner's objections has not been directly addressed by the magistrate judge's report and calls for brief discussion here. With respect to his claim that trial counsel was ineffective for failing to interview, subpoena, and call certain defense witnesses at trial, petitioner asserts that the magistrate judge erred by failing to address his argument that, contrary to the Pennsylvania Superior Court's holding in petitioner's post-conviction relief proceedings, the proposed witnesses were available and would have testified but for trial and post-conviction counsel's failure to call them to appear. In support of this position, petitioner has attached exhibits to his motion which were not presented to the Superior Court by his post-conviction counsel and do, as petitioner asserts, tend to establish that the defense witnesses were in fact available and willing to testify. (See Doc. 5, Exhibits 1-4). Both the decision of the Superior Court and the report of the magistrate judge, however, relied on more than mere witness unavailability in rejecting petitioner's claim ineffective assistance claim on this ground. Specifically, both the Superior Court and the magistrate judge found that petitioner suffered no prejudice as a result of trial counsel's failure to call the witnesses, (see Doc. 19 at 19; Doc. 1-2, Ex. C at 13), and further concluded that petitioner failed to establish that trial counsel was aware of the witnesses' existence and the nature of their testimony, (Doc. 19 at 18-19; Doc. 1-2, Ex. C at 13). Because petitioner has failed to counter these findings in any meaningful way, the court will overrule his objection and adopt the reports in their entirety.